**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA FRANCISCA LINARES-MIRANDA, | No.    15-71127 |
| Petitioner, | Agency No. A095-810-208 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Ana Francisca Linares-Miranda, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying her motion to reopen removal proceedings.  Our jurisdiction is governed

by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Linares-Miranda's untimely motion to reopen where Linares-Miranda failed to support her motion with an affidavit or other evidentiary material and otherwise failed to establish changed country conditions in El Salvador to qualify for an exception to the time limitations for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."); *Najmabadi*, 597 F.3d at 986 ("The BIA can deny a motion to reopen on any one of 'at least' three independent grounds – 'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" (citation omitted)). We do not address Linares-Miranda's contentions regarding whether she established prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture because the BIA did not reach that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (internal quotation marks and citation omitted)).

Linares-Miranda does not challenge in her opening brief the BIA's denial of her request to reopen pursuant to its sua sponte authority. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Linares-Miranda also does not challenge the BIA's denial of her request for administrative closure. *Id*. Thus, these issues are waived.

We lack jurisdiction to consider Linares-Miranda's contentions regarding ineffective assistance of counsel because she failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (requiring a petitioner who argues ineffective assistance of counsel to exhaust administrative remedies by first presenting the issue to the BIA).

Finally, the government's motion to strike the reply brief in part (Docket Entry No. 27) is denied as unnecessary.

As stated in the court's July 17, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**